# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2011

Lyle W. Cayce
Clerk

No. 11-10056
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ARTURO ARGUETA-LOPEZ, also known as Jaime Arturo Argueta-Rodas,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-147-1

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jaime Arturo Argueta-Lopez (Argueta) appeals from the 96-month sentence imposed by the district court following his conviction for illegal reentry; the sentence was the result of an upward variance from the applicable guidelines range of 46-57 months of imprisonment.

In reviewing the sentence imposed for reasonableness, this court must first determine whether the district court committed any procedural errors, including,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inter alia, "failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).  If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Id.*

Even if Argueta sufficiently preserved his objection to the district court's explanation for imposing the sentence at issue, we find that the district court, by citing Argueta's extensive criminal history and recidivist tendencies, adequately explained its bases for the variance.  *See Id.* at 50.  Although Argueta argues that the sentence imposed was substantively unreasonable because the district court over-emphasized his criminal history and failed to recognize his cultural ties to the United States,  the district court explained that it had fully considered the § 3553(a) factors, including the need to promote respect for the law and to deter Argueta from future criminal conduct, and this court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Id.* at 51.  That this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Id.*

AFFIRMED.